## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 20-3665**

**PERFX WIRELINE SERVICES, LLC,**

    **Plaintiff,**

v.

**DYNAENERGETICS US, INC.,**
**DYNAENERGETICS EUROPE GMBH,**
**and DMC GLOBAL INC.,**

    **Defendants.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT
### OF PATENT NON-INFRINGEMENT

Plaintiff, PerfX Wireline Services, LLC ("PerfX"), a limited liability company organized under the laws of the State of Nevada and having its principal place of business in Colorado, files this complaint for declaratory relief against Defendants DynaEnergetics US, Inc., a Colorado corporation, DynaEnergetics Europe GmbH, a German corporation, and DMC Global, Inc., a Delaware corporation with its principal place of business in Colorado, as follows:

### NATURE OF THE CASE AND BACKGROUND

1.     This is an action for declaratory relief arising in response to allegations that PerfX is infringing or will infringe U.S. Patent No. 10,844,697 ("the '697 patent") through the sale of its perforating guns and equipment.  Such perforating guns include the  XConnect gun system.  PerfX seeks a declaratory judgment that its XConnect gun system does not infringe the '697 patent under 35 U.S.C. § 271.

2.      On information and belief, DynaEnergetics Europe is the owner by assignment of the '697 patent, which is entitled "Perforation Gun Components and System" and was issued on November 24, 2020.  A true copy of the '697 patent is attached as **Exhibit A**.

3.      On information and belief, DynaEnergetics US is the exclusive licensee of the '697 patent pursuant to an exclusive license granted by DynaEnergetics Europe.  On information and belief, DynaEnergetics US, a Colorado corporation, also promotes wellbore perforation services using the technology claimed in the '697 paten.  DynaEnergetics US operates under the registered mark DYNASTAGE, and promotes DynaStage brand perforating gun systems (the "DynaStage perforation gun product").

## THE PARTIES

4.      Plaintiff PerfX Wireless Services, LLC ("PerfX") is a  limited liability company having its principal place of business at 1525 N. Raleigh Street, Suite 500, Denver, Colorado.

5.      On information and belief, Defendant DynaEnergetics Europe GMBH ("DynaEnergetics Europe") is organized under the laws of Germany with its principal place of business at Kaiserstrasse 3, 53840 Troisdorf,  Deutschland.

6.      DynaEnergetics US, Inc. ("DynaEnergetics US") is a Colorado corporation with its principal place of business at 11800 Ridge Parkway, Suite 300, Broomfield, Colorado.

7.      DMC Global Inc. ("DMC Global") is a Delaware corporation with its principal place of business at 11800 Ridge Parkway, Suite 300, Broomfield, Colorado.

8.      On information and belief, DynaEnergetics Europe and DynaEnergetics US are wholly owned subsidiaries of DMC Global.  DynaEnergetics Europe, DynaEnergetics US, and DMC Global are collectively referred to herein as "DynaEnergetics" or "Defendants."

## JURISDICTION AND VENUE

9.     Plaintiff brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, to obtain a declaration of non-infringement with respect to the '697 patent.

10.     Because this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendants at least because of their continuous and systematic contacts with the State of Colorado, including conducting substantial and regular business through facilities located within the State of Colorado and through marketing and sales of oil and gas well perforating systems and products in Colorado including but not limited to the DynaStage perforation gun product.

12.     For example, this Court has general jurisdiction over DynaEnergetics US because DynaEnergetics US is incorporated in the State of Colorado and it is, therefore, a resident of and at home in the State of Colorado.  Likewise, the Court has general personal jurisdiction over DMC Global because DMC Global's headquarters and principal place of business are in the State of Colorado.  A true and correct copy of DMC Global's website, reflecting its global headquarters in Colorado, is attached as **Exhibit B**.  DMC Global is, therefore, a resident of and at home in the State of Colorado.

13.     Each of the Defendants is also subject to this Court's general personal jurisdiction based at least on their continuous and systematic contacts with the State of Colorado, including conducting substantial and regular business operations at headquarters facilities located in the State of Colorado and through marketing and sales of oil and gas well perforating systems and products in Colorado, including but not limited to the DynaStage perforation gun product.

14.     This Court also has specific personal jurisdiction over each of the Defendants, pursuant to due process and/or the Colorado Long Arm Statute, Colo. Rev. Stat. § 13-1-124, based on their minimum contacts with this District, including but not limited to their directing of correspondence in September 2020 to Plaintiff PerfX, located in this District, that: i) alleged that PerfX is making, using, importing, and/or selling perforating guns and equipment in the United States, including in this District, which Defendants allege infringe at least one claim of the '697 patent, ii) requested that PerfX cease and desist such activities, and iii) asserted that Defendants intended to seek all available legal remedies against PerfX for such activities.  This Court also has specific jurisdiction over each of the Defendants based on their minimum contacts with this District, including but not limited to DynaEnergetics Europe entering an exclusive license relationship regarding the '697 patent with DynaEnergetics US, a Colorado corporation and resident of this State.  This Court also has specific jurisdiction over each of the Defendants based at least on their minimum contacts with this District, including conducting substantial and regular business operations at headquarters  located in the State of Colorado and through marketing and sales of oil and gas well perforating systems and products in Colorado including but not limited to the DynaStage perforation gun product.   This Court also has personal jurisdiction over DynaEnergetics Europe pursuant to Federal Rule of Civil Procedure 4(k)(2).

15.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because, with respect to Defendants DynaEnergetics US and DMC Global, each are either residents or at home in this District and have sufficient contacts with this District for personal jurisdiction.  Venue is proper as to Defendant DynaEnergetics Europe, which is organized under the laws of Germany and has its principal place of business in Germany.  28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of

such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

16.     On information and belief, Defendants represent themselves as holders of the '697 patent, together marketing its perforating gun product under the name DynaStage.  Defendant DynaEnergetics US, Inc., a Colorado Corporation, is listed as the owner of U.S. Trademark Reg. No. 4,823,088 for DYNASTAGE.  The mark is registered, *inter alia*, in Class 013 for "Explosives and detonators, namely, shaped charges, detonating cords, boosters and detonating plugs, high-temperature and pressure-resistant detonators, detonator igniters, percussion initiators; hollow carrier and through-tubing gun systems comprising perforating guns."

17.     Plaintiff manufactures and sells a perforating gun product called the PerfX XConnect system.

18.     On September 11, 2020, Defendants sent Plaintiff a letter (**Exhibit C**) stating that Defendants had become aware of Plaintiff's XConnect system and communicating, *inter alia*, Defendants' belief that the PerfX XConnect system allegedly infringes one or more claims of U.S. Patent Publ. No. 2020/0032626 (which later issued as the '697 patent.)   Defendants  stated their intent to pursue all available legal remedies against Plaintiff in the event Plaintiff did not cease and desist.

19.     Subsequently, Defendants sent Plaintiff a letter dated November 25, 2020 advising that U.S. Patent No. 10,844,697 had issued.  Defendants also advised that a patent infringement suit had already been filed against one of PerfX's competitors.  Defendants attached a copy of a Complaint as filed in a district court in another state against the competitor.

20.     Further, Defendants provided Plaintiff with a claim chart (**Exhibit D**) wherein Defendants set forth  their belief as to how Plaintiff's XConnect system allegedly infringes claim 1 of the '697 patent.  Notably, Plaintiff's claim charts were based upon a faulty and inadequate understanding of Plaintiff's XConnect gun system.

21.     Plaintiff has not infringed and does not infringe, either directly or indirectly, any claim of the '697 patent, either literally or under the doctrine of equivalents.

22.     By way of example and not limitation, Plainitff's XConnect system lacks limitations required by the claims of the '697 patent and, therefore, does not infringe.  By way of example and not limitation, each of the independent claims of the '697 patent (i.e., claims 1 and 14) require, *inter alia*, a tandem seal adapter having a first end, a second end and a bore that extends through the tandem seal adapter from the first end to the second end, as well as a pressure bulkhead sealingly received in the bore of the tandem seal adapter and the tandem seal adapter and the pressure bulkhead are configured to provide a seal between a detonator and an environment on the second end of the tandem seal adapter, among other limitations.  However, the PerfX XConnect system lacks, for example, the required tandem seal adapter and pressure bulkhead, as well as the required seal, as claimed by the independent claims of the '697 patent, among other limitations.

23.     By way of further example and not limitation, each of the independent claims of the '697 patent (i.e., claims 1 and 14) require, *inter alia*, that a claimed first detonator be in electrical communication with or electrically connected to a pin connector assembly, among other limitations.  However, the PerfX XConnect system lacks, for example, the claimed electrical communication or electrical connection between a first detonator and a pin connector assembly, as claimed by the independent claims of the '697 patent, among other limitations.

24.     The remaining claims (i.e., claims 2-13 and 15-21) of the '697 patent are dependent claims that require all of the limitations of the independent claims from which they respectively depend, and, therefore, are not infringed for at least the same reasons as the independent claims from which they respectively depend.

25.     The PerfX XConnect system does not infringe any claim of the '697 patent for at least the above reasons.

26.     By virtue of the foregoing, PerfX has a real and imminent belief that suit will be filed against it and that an actual and substantial case and controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.  Plaintiff PerfX requests the declaration of the Court that PerfX does not infringe and has not infringed any claim of the '697 patent.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '697 Patent)**

27.     Plaintiff realleges and incorporates paragraphs 1 through 25 as if fully set forth in this paragraph.

28.     An actual and substantial controversy exists between the parties with respect to infringement of the '697 patent to warrant the issuance of a declaratory judgment.

29.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '697 patent.

30.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any claim of the '697 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to grant the following relief:

A.      A declaration that Plaintiff does not infringe and has not infringed, either directly or indirectly, any claim of the '697 patent;

B.      An order that Defendants and each of their officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further claiming that the '697 patent is infringed by Plaintiff or further representing that Plaintiff's products infringe the '697 patent;

C.      An order declaring that Plaintiff is a prevailing party and that this in an exceptional case, awarding Plaintiff its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285 and other applicable provisions; and

D.      That Plaintiff is granted such other and additional relief as the Court deems just and proper.


Dated: December 15, 2020

 Respectfully submitted,


ERISE IP, P.A.

/s/*Megan J. Redmond*
Megan J. Redmond
Carrie A. Bader
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: megan.redmond@eriseip.com
Email: carrie.bader@eriseip.com
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

*ATTORNEYS FOR PLAINTIFF*